UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| YANCIE O. HUNTER, et al., | |
| Plaintiffs, | |
| v. | CAUSE NO. 1:20-CV-412-WCL-SLC |
| ALLEN COUNTY JAIL, | |
| Defendant. | |

OPINION AND ORDER

Yancie O. Hunter, Brent A. Beaty, Deontay P. Grace, Eden Rangel, Allen Wade, and Courtney Veazey were prisoners at the Allen County Jail when they signed the complaint initiating this case. Christopher Cockett is also listed as a plaintiff; however, he did not sign the complaint. "[C]omplaints filed by multiple prisoners [can proceed] if the criteria of permissive joinder are satisfied." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). In addition to the requirements listed in Federal Rule of Civil Procedure 20(a)(1), the Seventh Circuit has recognized that a district court has discretion to also consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness [or would] create prejudice, expense or delay . . .." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (quotation marks and citations omitted). Based on the facts of this case, joinder of these unrepresented prison inmates is not appropriate.

None of the plaintiffs are lawyers and none of them may represent any of the others. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*,

270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Because of this, each plaintiff must read and sign every filing. Gathering signatures at the beginning of a lawsuit is easier than at any other time. In this case, only six of the seven plaintiffs listed in the caption signed the complaint.[1] Additionally, a second complaint—containing similar but not identical allegations—was included with the filings, but it was only signed by the lead plaintiff. Moreover, only one plaintiff sought leave to proceed in forma pauperis even though they are each individually required to pay the full filing fee without regard to how much any of the other inmate plaintiffs may have paid. *See Boriboune*, 391 F.3d at 855 (A prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff."). This illustrates some of the confusion that occurs in multi-plaintiff litigation. While these deficiencies are not insurmountable, continuing to obtain signatures will become more difficult as the case proceeds.

Also, inmates are constantly being released from custody, transferred to another facility, and relocated within a facility. Once convicted, an inmate can be relocated at any time without notice. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995). When the plaintiffs are no longer housed together in the same unit, it may be impossible obtain each other's signatures. Federal Rule of Civil Procedure 5(a) requires all filings be served on every other party, including any plaintiff who did not sign it. This would

---

[1] Next to the signature line for Christopher Cockett it states that he was "not present transferred to other facility." ECF 1 at 11.

impose an additional cost on the plaintiffs. In addition, institutional rules prohibit inmates from corresponding within and between facilities for security reasons. *See Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008) ("Concerns of security are to be given 'particular sensitivity.'") and *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (Internal security is particularly a matter normally left to the discretion of jail administrators.). If a plaintiff does not comply with Rule 5, he is not only in violation of the Federal Rules, but the other plaintiffs are left ignorant of the activity in the case as well. Here, one of the plaintiffs has already been transferred to another facility and is no longer housed with the others. ECF 1 at 11.

Along those lines, the inmates initiated this case while in a county jail, and they are at different stages of their incarceration: some are pre-trial detainees, some have been convicted and sentenced, and some are awaiting a probation violation hearing. ECF 1 at 7. Because the legal standards are different for pre-trial detainees than for convicted prisoners, their claims may be different even if all of them experienced the same conditions of confinement. *See generally Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

Additionally, exhaustion of administrative remedies is required by 42 U.S.C. § 1997e(a). Each inmate must separately exhaust every one of the claims he is bringing before filing suit. Therefore—even if they have similar claims—the exhaustion question must be individually adjudicated. Doing so in the same lawsuit could result in separate scheduling deadlines or unnecessary delay. Thus, in the totality, it would be

3

fundamentally unfair for this case to proceed with multiple unrepresented, prisoner plaintiffs.

That said, pursuant to Federal Rule of Civil Procedure 21, "on its own, the court may at any time, on just terms, . . . drop a party." *Cf. Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (A district judge can "solve the problem by severance (creating multiple suits that can be separately screened) . . .."). Here, it is fair to open a separate case for each of these plaintiffs. This resolves the problems discussed above. It allows for the efficient, individual determination of each plaintiff's case. Yet, it does not preclude any plaintiff from cooperating with any other to the extent he is able. Neither does it preclude future consolidation pursuant to Rule 42(a) if that is appropriate at any stage of the proceeding. Separate lawsuits will "secure the just, speedy, and inexpensive determination of [this] proceeding." Federal Rule of Civil Procedure 1.

For these reasons, the court:

(1) DISMISSES Brent A. Beaty, Deontay P. Grace, Eden Rangel, Allen Wade, Courtney Veazey, and Christopher Cockett;

(2) DIRECTS the clerk to open separate cases for Brent A. Beaty, Deontay P. Grace, Eden Rangel, Allen Wade, Courtney Veazey, and Christopher Cockett, with the complaint from this case (ECF 1)—but **not** the attachment (ECF 1-1)—and a copy of this order; and

(3) DIRECTS the clerk to directly assign these related, newly opened cases pursuant to N.D. Ind. L.R. 40-1(e).

SO ORDERED on November 23, 2020.

                                                        s/William C. Lee  
                                                        JUDGE WILLIAM C. LEE  
                                                        UNITED STATES DISTRICT COURT