UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| YANCIE O. HUNTER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-412-WCL-MGG |
| ALLEN COUNTY SHERIFF, | |
| Defendant. | |

OPINION AND ORDER

Yancie O. Hunter, a prisoner without a lawyer, filed an amended complaint. ECF 14. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

At the time the amended complaint was filed, Hunter was a pretrial detainee. ECF 14 1t 6. As such, his claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id*. (quoting *Bell*, 441 U.S. at 538–39). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015); *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda*, 900 F.3d at 353.

Here, the amended complaint alleges Hunter was booked into the Allen County Jail on Friday, November 6, 2020, and was placed into the "drunk tank" where his Covid-19 mask was taken away.[1] ECF 14 at 3. He was forced to sleep on a sleeping mat with no sheets or blankets. He was not given an indigent kit. On Monday, November 9th, Hunter was placed in a holding cell and stripped naked. He was not given a shower, a Covid-19 test, or a temperature check before being transferred to a dorm room with several other inmates.

That dorm room was "pure filth and dirt," the inmates were denied "a mop/broom or chemicals/disinfectants," and the hot water did not work. *Id*. Two days later, on November 11th, the inmates were permitted to shower, but only three out of six shower heads worked and the shower room itself was dirty. There were "paper cup[s] & old soap bars" on the ground, which led Hunter to believe it had "not been cleaned in a long time." *Id*. at 4. When they were allowed to shower again on November 14th, nothing had been cleaned or fixed even though Hunter had told two officers (who are not named as defendants) of the issues.

Hunter and the six other inmates in his cell pressed the call button many times for "medical concerns," but no one came to check on them. *Id*. at 5. However, Hunter also states he had an "anxiety attack," and he admits Officer Fishburn came to the cell door to ask why he had hit the button. *Id*. He was denied medical care at that time. Hunter filled out grievances regarding the non-functioning call button, and he was told

---

[1] He has since been transferred to the Noble County Jail. ECF 15.

it was working correctly. Later however, another officer checked the button and put in a work order for it.

Hunter has sued the Allen County Sheriff. He asks that the jail pay for all "medical evaluations," and he requests $1,000,000 for pain and suffering related to the conditions of his confinement. *Id*. at 6.

To the extent the amended complaint can be read as seeking injunctive relief related to the medical evaluations, Hunter has since been transferred from the Allen County Jail to the Noble County Jail. *See* ECF 15. Accordingly, he may not bring a claim for injunctive relief against the Allen County Sheriff in his official capacity as he is no longer being housed at the Allen County Jail. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (internal quotation marks and citation omitted); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). "Allegations of a likely retransfer may not be based on mere speculation." *Higgason*, 83 F.3d at 811. There is no indication Hunter will be transferred back to the Allen County Jail. Therefore, any possible injunctive relief he seeks against the Allen County Sheriff is now moot.

As to a claim for monetary damages against the Allen County Sheriff in his individual capacity, Hunter has not plausibly alleged the Sheriff participated in the events or had any knowledge of the issues described. He cannot be held liable simply because he oversees the operations of the jail or supervises other correctional officers because there is no general respondeat superior liability under 42 U.S.C. § 1983. *See*

4

*Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, Hunter has not stated any plausible claims against the Allen County Sheriff.

Even removing the resopndeat superior liability problem, the complaint falls short in many respects. The allegations that the inmates were not permitted to shower for two days, that the shower and dorm rooms were "filthy," and that the dorm room lacked hot water are insufficient to state a claim without additional supporting details. *See generally Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); *see also Iqbal*, 556 U.S. at 678 (facts must be sufficient so that a claim is "plausible on its face").

Specifically, with regard to the lack of showering, the Seventh Circuit has held that even "limiting inmates to weekly showers does not violate the Eighth Amendment." *Myrick v. Anglin*, 496 Fed. Appx. 670, 675 (7th Cir. 2012). Because there is no indication the lack of shower was imposed as a punishment here—and because it is not objectively unreasonable to go without showering for two days even outside of a jail—absent additional details, the complaint does not plausibly allege Hunter's Fourteenth Amendment rights were violated when he didn't receive a shower for two days. The same is true of the allegation that the dorm room did not have hot water. *See Hopkins v. Klindworth*, 556 Fed. Appx. 497, 499 (7th Cir. 2014) ("Prisoners do not have a constitutional right to hot water under the Eighth Amendment."); *see also Willis v.*

*Watson*, No. 20-3058, 2020 WL 3335405, at *1 (C.D. Ill. June 18, 2020) (collecting cases regarding the availability of hot water in prison cells).

As to the vague allegations that the shower and dorm rooms were "filthy," the sparse facts presented in the complaint do not describe the degree of uncleanliness necessary to support a constitutional violation. Moreover, while Hunter alleges he was denied a mop, broom, chemicals and disinfectants, he does not indicate what—if any— cleaning supplies he *was* given, and the denial of those specific items alone does not violate the constitution. Importantly, Hunter has not sufficiently alleged how he, personally, was affected by any of the conditions described above. *See e.g. Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (inmate failed to state a claim when he alleged the jail was infested with mice and cockroaches but did not provide sufficient details which "left [the court] in the dark as to how extensive the infestations are and how the pests affect him").

In a similar vein, Hunter alleges he was placed near inmates who could possibly have had Covid-19. He alleges no one was given a mask or a Covid-19 test, and he claims he was "exposed" to Covid-19. However, Hunter doesn't allege he or any of the inmates he was around tested positive, nor does he allege he was sickened in any way as a result of his placement. *Id*.

Regarding his medical needs, claims of inadequate medical care while in pretrial detention are subject to the objective-reasonableness standard described above. *Miranda*, 900 F.3d at 352. Here, however, other than a reference to a single anxiety attack, there are no details about Hunter's alleged medical issues. Threadbare

6

allegations of unanswered "medical needs" do not plausibly state a claim. *See generally Iqbal*, 556 U.S. at 678; *Atkins*, 631 F.3d at 832.

Accordingly, the amended complaint does not state a claim for which relief can be granted. Nevertheless, Hunter may file a second amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court. Of note, a second amended complaint should only be filed if Hunter believes the deficiencies set forth in this order can be rectified.

For these reasons, the court:

(1) GRANTS Yancie O. Hunter until **January 12, 2022**, to file a second amended complaint as described above; and

(2) CAUTIONS Yancie O. Hunter that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 10, 2021.

        s/William C. Lee
        JUDGE WILLIAM C. LEE
        UNITED STATES DISTRICT COURT